**WEN TING LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.[1]**

No. 08–0468–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Feng Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Office of Immigration Litigation (Wendy Benner–León, Trial Attorney, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, WALKER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Ting Liu, a native and citizen of the People's Republic of China, seeks review of the January 15, 2008 order of the BIA affirming the May 5, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Wen Ting Liu, No. A97 331 644 (B.I.A. Jan. 15, 2008), aff'g No. A97 331 644 (Immig. Ct. N.Y. City May 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).

As to the Petitioner's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. As the agency observed, the Petitioner stated in her airport and credible fear interviews that she was an investigator in the family planning office and, as such, was responsible for monitoring marriages and pregnancies. In her asylum application and her testimony before the IJ, however, Liu claimed that she actually worked as a cleaner in the family planning office. We find no support for the Petitioner's argument that the records of her airport and credible fear interviews were unreliable, because: (1) the records appear to provide verbatim accounts of the interviews; (2) the questions posed to the Petitioner were designed to elicit the details of her asylum claim; (3) the Petitioner did not appear reluctant to reveal information to the interviewing officers; and (4) Petitioner's answers did not suggest that she did not understand the translations provided by the interpreter. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179–80 (2d Cir. 2004).

Moreover, because Petitioner's testimony was not otherwise credible, it was not

improper for the IJ to rely on the absence of evidence corroborating the central aspects of her claim—her employment, her two hospital visits, the confiscation of her parents' home, and her release on bail. 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Although the Petitioner offered explanations for the lack of such corroborative evidence, a reasonable factfinder would not have been compelled to accept them. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Accordingly, the agency's denial of Liu's application for asylum was not improper. Likewise, to the extent that Liu challenges the agency's denial of her application for withholding of removal, that challenge also fails because the only evidence that the Petitioner would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because the Petitioner failed to raise before this Court any challenge to the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.